# NO. 12-21-00213-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***S.E. TULLOS, II A/K/A SAMMY E. TULLOS,*** **APPELLANT** | § | ***APPEAL FROM THE 411TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS,*** **APPELLEE** | § | ***TRINITY COUNTY, TEXAS*** |

---

## MEMORANDUM OPINION
### PER CURIAM

S.E. Tullos II, aka Sammy E. Tullos, appeals his convictions for murder and aggravated robbery. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with murder[1] and aggravated robbery.[2] Appellant pleaded "not guilty" to the murder charge and "guilty" to the aggravated robbery charge. The matter then proceeded to a jury trial.

At trial, the evidence showed that Appellant and the victim, Amber Pillows, were in the process of ending their relationship. Witnesses testified that Appellant said he was going to kill Pillows a few days before the shooting and that Appellant took issue with a man coming over to change Pillows' tire. The evidence also showed that Appellant was aggravated the day of the

---

[1] A first-degree felony as charged. *See* TEX. PENAL CODE ANN. § 19.02(c) (West 2019).

[2] A first-degree felony as charged. *See id.* § 29.03(b) (West 2019).

shooting and stated that he was going to "bust a cap." He told Pillows to "get [her] fucking ass inside," which was followed by a gunshot a few minutes later. Pillows was then found dead. Appellant told two witnesses that he shot Pillows.

Elizabeth Holcombe, the victim of the aggravated robbery, testified that she was 78 years old when Appellant approached her while she was in her vehicle. Appellant told her that he would not harm her if she obeyed him, that he had just shot his girlfriend, and that she needed to get out of her vehicle. Holcombe testified that she was afraid and that he took her car.

The jury ultimately found Appellant "guilty" of both charges, and Appellant elected to have the jury determine his punishment. Appellant pleaded "not true" to the allegations he had two previous felony convictions: burglary of a habitation in 2011 and evading arrest in 2016. The State alleged these convictions to enhance Appellant's punishment to that of a habitual offender.[3] At the conclusion of evidence, the jury found the enhancement allegations "true." The jury assessed punishment at life in prison for the murder charge and 75 years imprisonment for the aggravated robbery charge. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[4] We have likewise reviewed the record for reversible error and have found none.

---

[3] *Id* § 12.42(c)(1) (West 2019).

[4] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief has been filed.

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 12, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 12, 2022**

**NO. 12-21-00213-CR**

**S.E. TULLOS, II A/K/A SAMMY E. TULLOS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 11151)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*